JOHN LEONARD, APPELLANT, *v.* THOMAS REYNOLDS AND THE CITY OF BROOKLYN, IMPLEADED, ETC., RESPONDENTS.

*Mechanic's lien — cannot be enforced against public property of municipal corporations.*

Property held by a municipal corporation for specific public uses, is held in trust for government purposes, and cannot be taken by an individual for the satisfaction of his private claim, under color of general laws, intended to secure the application of the property of a debtor to the satisfaction of the claims of creditors.

APPEAL from an order of the Special Term, sustaining a demurrer to the complaint.

*James Troy*, for the appellant.

*Jno. H. Knaebel* and *William T. De Witt*, for the respondents.

TALCOTT, J.:

The plaintiff was a sub-contractor, under Thomas Reynolds, for labor and materials furnished in the erection of a certain "fire bell tower," in the city of Brooklyn, for the erection of which the city had contracted with Reynolds. The proceeding is under the mechanics' lien law. The complaint avers that the tower in question is owned and held and used by the city for public purposes. The complaint seeks to establish and enforce a lien on said bell tower. The city of Brooklyn demurred to the complaint. The demurrer was sustained at the Special Term, and this appeal is from the order sustaining the demurrer. The property held by a municipality

which is a branch of the government, for specific public uses, is held in trust for governmental purposes, and cannot be permitted to be taken by an individual for the satisfaction of his private claim, without interfering with the discharge of the duties of the government, and the performance of its public functions. Such interference cannot be permited under color of general laws, intended to secure the application of the property of a debtor to the satisfaction of the claims of creditors. (DENIO, J., in *Darlington* v. *The Mayor*, 31 N. Y., 164.) And the precise case of an attempt to subject property held by a city for a specific public use to the operation of a mechanics' lien law, was denied in the case of *Brinckerhoff* v. *The Board of Education*, which arose in the New York Common Pleas (37 How. Pr., 499), and the decision was afterward affirmed under the title of *Poillon* v. *The Mayor* (47 N. Y., 666).

The order of the Special Term sustaining the demurrer is affirmed.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Order sustaining demurrer affirmed, with costs.